### BAUERS v. WATKINS et al.
### No. 22720.

District Court, N. D. Ohio, E. D.
July 19, 1945.

Carl M. Myers, of Akron, Ohio, for plaintiff.

Vernon Weygandt and Wm. D. Held, both of Akron, Ohio, for defendants.

JONES, District Judge.

Defendants have moved for an order requiring the plaintiff to make his complaint more definite and certain by alleging whether or not he is suing the defendants individually or as members of a partnership. The action is for treble damages under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. In the caption of the complaint the defendants are designated as Roger W. Watkins and Henry C. Brown both doing business as W. & B. Motor Company. In paragraph 1 of the complaint plaintiff alleges that "the defendants, Roger W. Watkins and Henry C. Brown, are doing business as the W. & B. Motor Company at 304 West Market Street, in the City of Akron * * * and that said defendants are engaged in the business of selling motor vehicles at retail." In paragraphs 4 and 5 he alleges that "the defendants" sold him a 1941 Cadillac automobile for $3344.00, which was $1296.87 in excess of the ceiling price of $2047.13.

The defendants say there is a question as to whether or not the action is "against the individuals or against the W. & B. Motor Company, and also whether or not the latter is a partnership or some other form of joint enterprise or legal entity under which a business can be lawfully carried on in Ohio."

Rule 9(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that: "It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

Under this rule plaintiff was not required to allege that the W. & B. Motor Company was a partnership. The answer of Henry C. Brown denies that he was a partner at the time the complaint was founded. Plaintiff's brief states that Mr. Brown has informed counsel for plaintiff that he formerly was interested in the W. & B. Motor Company but had sold his interest before this cause of action arose.

Plaintiff's brief also states that the certificate of title to the car was assigned by "W & B Motor Co. by Roger W. Watkins" and that the City Directory of Akron lists Henry C. Brown and Roger W. Watkins as the operators of the W. & B. Motor Company.

From the above facts it seems unlikely that any material clarification of the issues would result from requiring plaintiff to amend his complaint. Under Rule 20(a) judgment can be given "against one or more defendants according to their respective liabilities."

Motion to make definite and certain denied.